RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
PACHANGA, INC., *et al.*,[1] : Case No.: 18-12767 (MEW)
: (Jointly Administered)
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION**
**FOR A FINAL DECREE CLOSING NON-MAIN CASES**

**PLEASE TAKE NOTICE** that, upon the annexed *Debtors' Motion for a Final Decree Closing Non-Main Cases* (the "Motion"), the undersigned, on behalf of Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), will present the attached proposed order to the Honorable Michael E. Wiles, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004, for signature **June 5, 2019 at 3:00 p.m.** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC. The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

Motion and proposed order must be in writing and filed with the Bankruptcy Court in accordance with the Local Rules, and served upon undersigned counsel for the Debtors so as to be received no later than **June 5, 2019 at 12:00 p.m.** If no objections are timely filed and served, the proposed order may be signed by the Bankruptcy Court without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Honorable Michael E. Wiles, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004. If a hearing is scheduled, the moving party will be obligated to notify all other parties entitled to receive notice of the hearing date and time. The moving and objecting parties are required to attend the hearing, and failure to attend may result may result in relief being granted or denied upon default.

Dated: New York, New York
May 22, 2019

                RUBIN LLC

                By: */s/ Paul A. Rubin*
                    Paul A. Rubin
                    Hanh V. Huynh

                345 Seventh Avenue, 21st Floor
                New York, New York 10001
                Tel: 212.390.8054
                prubin@rubinlawllc.com
                hhuynh@rubinlawllc.com

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
PACHANGA, INC., *et al.*,[1] : Case No.:  18-12767 (MEW)
: (Jointly Administered)
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' MOTION FOR A FINAL DECREE CLOSING NON-MAIN CASES

Pachanga, Inc. ("Pachanga") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), the debtors and debtors in possession herein, by their counsel, Rubin LLC, hereby submit this motion (the "Motion") for entry of a final decree under sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") closing the chapter 11 cases of the non-Pachanga Debtors (the "Non-Main Debtors," and their chapter 11 cases, the "Non-Main

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

Cases") while leaving open the main debtor case of Pachanga (the "Main Case"). In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, and Bankruptcy Rule 3022.

**BACKGROUND**

2. On September 14, 2018 and October 4, 2018 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, and orders for relief under section 301 of the Bankruptcy Code were entered in these cases (the "Chapter 11 Cases").

3. On the September 14, 2018, the Court entered an order consolidating the then-filed chapter 11 cases for procedural purposes, and on October 5, 2018, the Court entered an order directing the supplemental joint administration of the later-filed chapter 11 cases (collectively, the "Joint Administration Orders").

4. On April 5, 2019, the Debtors filed the Amended Joint Chapter 11 Plan of Liquidation dated April 5, 2019 (as may be modified, amended and/or supplemented, the "Plan") and the Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement").

5. On April 9, 2019, the Court entered the *Order (A) Approving Disclosure Statement, (B) Establishing Solicitation and Voting Procedures, (C) Scheduling A Confirmation Hearing, (D) Establishing Procedures for Filing Confirmation Objections, and (E) Granting Related Relief* (the "Disclosure Statement Order"). Pursuant to the Disclosure Statement Order, the Court

approved the Disclosure Statement and scheduled a hearing (the "Confirmation Hearing") on confirmation of the Plan for May 16, 2019.

6. Following the Confirmation Hearing, on May 17, 2019, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Amended Joint Chapter 11 Plan of Liquidation, as Modified* (the "Confirmation Order").

7. On May 20, 2019 (the "Effective Date"), the Debtors' Plan became effective. On the Effective Date, "all Assets ... and liabilities of the Debtors shall be deemed merged or treated as though they were merged into and with the Assets and liabilities of each other." Plan § 6.1. Likewise, each and every claim filed in any of the Chapter 11 Cases were deemed filed against the Debtors on a consolidated basis and deed a claim and obligation of the consolidated Debtors. *Id.* Since the Effective Date, the Debtors' merged assets and liabilities and the claims against the consolidated Debtors have been administered under the Main Case.

**RELIEF REQUESTED**

8. By this Motion, the Debtors seek entry of a final decree in the Non-Main Cases, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Non-Main Cases identified above and on Exhibit A annexed hereto. A copy of the proposed final decree closing the Non-Main Cases (the "Final Decree") is annexed hereto as Exhibit B.

9. The entry of the Final Decree in each of the Non-Main Cases will not prejudice any claimant's right to receive a distribution under the Plan. As previously noted, on the Effective Date, the Plan deemed all assets and liabilities of the Debtors to be merged and deemed all claims filed in the Chapter 11 Cases as filed against the consolidated Debtors. Since the Effective Date, these merged assets and liabilities and the claims against the consolidated Debtors have been administered in the Main Case. Accordingly, it is no longer necessary or advisable to keep the Non-Main Cases open pending the administration of the few remaining open matters in the Main

Case. Rather, the Debtors respectfully submit that it is appropriate at this time to close the Non-Main Cases. The Main Case will remain open until the case has been fully administered, the Plan effectuated, and a final decree is entered closing that case.

10. Because the Chapter 11 Cases are jointly administered pursuant to the Joint Administration Orders, the Debtors request that the Final Decree also sever the Non-Main Cases from the Main Case.

11. In addition, the Debtors request that the requirement of Local Rule 3022-1 that a chapter 11 debtor file and serve a closing report be waived with respect to the Non-Main Cases. Instead, the Debtors propose to file a consolidating closing report in the Main Case either contemporaneously with the entry of a closing decree in the Main Case or shortly thereafter.

## **BASIS FOR RELIEF REQUESTED**

12. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022. In addition, section 105(a) of the Bankruptcy Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Although neither the Bankruptcy Code nor the Bankruptcy Rules define "fully administered," the Advisory Committee's Note to Bankruptcy Rule 3022 states that:

> [f]actors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have

commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee's Notes (1991).

14. The foregoing factors are meant as a guide for determining whether a case should be closed; not all factors must be satisfied. *See In re Gates Community Chapel of Rochester, Inc.*, 212 B.R. 220, 223-24 (Bankr. W.D.N.Y. 1997) (noting that list of factors in Advisory Committee's Note to Bankruptcy Rule 3022 is nonexclusive and such factors need only be considered by court when deciding whether to close case); *In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (same); *see also* Fed. R. Bankr. P. 3022, Advisory Committee's Notes ed. cmt. (1991) ("[T]he Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case than Code § 350 and the Rule literally read.").

15. When deciding whether entry of a final decree is appropriate, courts also consider whether the plan of reorganization has been substantially consummated. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (Bankr. E.D. Pa. 1994) (substantial consummation is one factor to be considered); *Gates Community Chapel*, 212 B.R. at 224 (same). Similar to the factors described above, substantial consummation is deemed to occur upon the following:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

16. As set forth above, the Court entered the Confirmation Order on May 17, 2019. Further, on the Effective Date, the Plan merged all assets and liabilities of the Debtors and deemed

all claims filed in the Chapter 11 Cases as filed against the consolidated Debtors. The consolidated Debtors' estates have since been administered in the Main Case.

17. While entry of the Final Decree will also allow the Debtors to cease incurring quarterly U.S. Trustee fees for the Non-Main Cases, the Disbursing Agent will continue to pay the quarterly fees for the Main Case until a final decree is entered in that case. All of the U.S. Trustee fees due and owing for the Main Case shall be paid in the ordinary course when due.

18. Based on the foregoing, the Debtors submit that entry of the Final Decree closing the Non-Main Cases is warranted under the circumstances and requests that a copy of the Final Decree be entered in each of the Non-Main Cases.

### **NOTICE**

19. Notice of this Motion has been given to: (a) the Office of the United States Trustee, (b) the top 20 unsecured creditors of the Debtors on a consolidated basis, (c) all parties that have filed notices of appearance in the Debtors' bankruptcy cases. The Debtors submit that no other or further notice of this Motion need be provided.

20. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter a Final Decree in each of the Non-Main Cases, in the form annexed hereto as Exhibit B, and grant such other relief as may be just and proper.

Dated: New York, New York
May 22, 2019

                                      RUBIN LLC

                                      By:   */s/ Paul A. Rubin*
                                              Paul A. Rubin
                                              Hanh V. Huynh

                                      345 Seventh Avenue, 21st Floor
                                      New York, New York 10001
                                      Tel: 212.390.8054
                                      prubin@rubinlawllc.com
                                      hhuynh@rubinlawllc.com

# EXHIBIT A
# (SCHEDULE OF NON-MAIN DEBTORS)

| Case No. | Name of Debtor |
| --- | --- |
| 18-12768 | Corossol FIKA Tower LLC |
| 18-12769 | Corossol LLC |
| 18-12770 | Corossol Tribeca LLC |
| 18-12771 | FIKA 41 W 58th Street LLC |
| 18-12772 | FIKA 66 Pearl Street LLC |
| 18-12773 | FIKA 141 W 41st Street LLC |
| 18-12774 | FIKA 157 7th Avenue LLC |
| 18-12775 | FIKA 824 10th Ave LLC |
| 18-12776 | FIKA Catering LLC |
| 18-12777 | FIKA Espresso Bars LLC |
| 18-12778 | FIKA Tribeca LLC |
| 18-12779 | FIKA Web Orders LLC |
| 18-12780 | MILA Solutions LLC |
| 18-13028 | FIKA 10 Park Avenue LLC |
| 18-13029 | FIKA 52 Duane Street LLC |
| 18-13031 | FIKA 555 6th Avenue LLC |
| 18-13032 | FIKA 600 Lexington LLC |
| 18-13033 | FIKA 1331 Lexington LLC |
| 18-13034 | FIKA Columbus Circle LLC |

**EXHIBIT B**
**(PROPOSED FINAL DECREE)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :   Chapter 11
                                                    :
PACHANGA, INC., *et al.*,[1]                        :   Case No.: 18-12767 (MEW)
                                                    :   (Jointly Administered)
            Debtors.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## FINAL DECREE CLOSING NON-MAIN CASES

Upon the motion (the "Motion")[2] of Pachanga, Inc. ("Pachanga") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), seeking entry of a final decree closing the chapter 11 cases of certain Debtors under section 105(a) and 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022; and it appearing that proper and sufficient notice of the relief sought in the Motion has been given; and it further appearing that the requested relief is reasonable and proper; and sufficient cause appearing to me therefor and due consideration having been given; it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the cases identified on Schedule 1 hereto (the "Non-Main Cases") will no longer be jointly administered with the Pachanga chapter 11 case (case no. 18-12767) (the "Main Case," and together with the Non-Main Cases, the "Chapter 11 Cases"); and it is further

**ORDERED**, that the Non-Main Cases will be closed effective as of the date of entry of this Final Decree; and it is further

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC. The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Claim Objection.

**ORDERED**, that the Debtors in the Non-Main Cases pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717 within ten days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period; and it is further

**ORDERED**, that the requirement of Local Rule 3022-1 that a closing report be filed and served by a chapter 11 debtor is hereby waived with respect to the Non-Main Cases; <u>provided</u>, that upon the closing of the Main Case, the Disbursing Agent shall file a consolidating closing report with respect to all of the Chapter 11 Cases, with disbursements and other required information broken down on a debtor-by-debtor basis; and it is further

**ORDERED**, that the closing of the Non-Main Cases will in no way prejudice the holder of an allowed claim's right to receive distribution under the Plan, nor will the closing of the Non-Main Cases alter or modify the terms of the Plan; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters described in Section 13 of the Plan.

The Clerk of the Court is directed to file this Final Decree in each of the Non-Main Cases and not the Main Case.

Dated: New York, New York
      [  ], 2019

                                                       _____
                                                       UNITED STATES BANKRUPTCY JUDGE

# Schedule 1

# List of Non-Main Cases

| Case No. | Name of Debtor |
|---|---|
| 18-12768 | Corossol FIKA Tower LLC |
| 18-12769 | Corossol LLC |
| 18-12770 | Corossol Tribeca LLC |
| 18-12771 | FIKA 41 W 58th Street LLC |
| 18-12772 | FIKA 66 Pearl Street LLC |
| 18-12773 | FIKA 141 W 41st Street LLC |
| 18-12774 | FIKA 157 7th Avenue LLC |
| 18-12775 | FIKA 824 10th Ave LLC |
| 18-12776 | FIKA Catering LLC |
| 18-12777 | FIKA Espresso Bars LLC |
| 18-12778 | FIKA Tribeca LLC |
| 18-12779 | FIKA Web Orders LLC |
| 18-12780 | MILA Solutions LLC |
| 18-13028 | FIKA 10 Park Avenue LLC |
| 18-13029 | FIKA 52 Duane Street LLC |
| 18-13031 | FIKA 555 6th Avenue LLC |
| 18-13032 | FIKA 600 Lexington LLC |
| 18-13033 | FIKA 1331 Lexington LLC |
| 18-13034 | FIKA Columbus Circle LLC |