RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
In re:                                                   :     Chapter 11
                                                         :
PACHANGA, INC.,                                          :     Case No.:  18-12767 (MEW)
                                                         :
                    Debtor.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PRESENTMENT OF MOTION FOR**
**<u>FINAL DECREE CLOSING THE PACHANGA, INC. CHAPTER 11 CASE</u>**

**PLEASE TAKE NOTICE** that, upon the annexed *Motion for a Final Decree Closing the Pachanga, Inc. Chapter 11 Case* (the "<u>Motion</u>"), the undersigned, on behalf of Pachanga, Inc. (the "<u>Debtor</u>"), will present the attached proposed order to the Honorable Michael E. Wiles, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004, for signature **August 7, 2019 at 3:00 p.m.** (the "<u>Presentment Date</u>").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion and proposed order must be in writing and filed with the Bankruptcy Court in accordance with the Local Rules, and served upon undersigned counsel for the Debtors so as to be received no later than **August 7, 2019 at 12:00 p.m.**  If no objections are timely filed and served, the proposed order may be signed by the Bankruptcy Court without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Honorable Michael E. Wiles, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004.  If a hearing is scheduled, the moving party will be obligated to notify all other parties entitled to receive notice of the hearing date and time.  The moving and objecting parties are required to attend the hearing, and failure to attend may result may result in relief being granted or denied upon default.

Dated: New York, New York
　　　　July 24, 2019

                 RUBIN LLC

                 By: *   /s/ Paul A. Rubin   *
                      Paul A. Rubin
                      Hanh V. Huynh

                 345 Seventh Avenue, 21st Floor
                 New York, New York 10001
                 Tel: 212.390.8054
                 prubin@rubinlawllc.com
                 hhuynh@rubinlawllc.com

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :      Chapter 11
                                          :
PACHANGA, INC.,                           :      Case No.:  18-12767 (MEW)
                                          :
                    Debtor.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MOTION FOR FINAL DECREE CLOSING
## THE PACHANGA, INC. CHAPTER 11 CASE

Pachanga, Inc. (the "Debtor" or "Pachanga"), the debtor and debtor in possession herein,

by its counsel, Rubin LLC, hereby submits this motion (the "Motion") for entry of a final decree

under section 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") closing the Debtor's

chapter 11 case.  In support of the Motion, the Debtor respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested

herein are sections 105(a) and 350(a) of the Bankruptcy Code, and Bankruptcy Rule 3022.

## BACKGROUND

2.     On September 14, 2018 and October 4, 2018 (as applicable, the "<u>Petition Date</u>"), the Debtor, and its affiliated debtor entities (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court, and orders for relief under section 301 of the Bankruptcy Code were entered in these cases (the "<u>Chapter 11 Cases</u>").

3.     On the September 14, 2018, the Court entered an order consolidating the then-filed chapter 11 cases for procedural purposes, and on October 5, 2018, the Court entered an order directing the supplemental joint administration of the later-filed chapter 11 cases (collectively, the "<u>Joint Administration Orders</u>") under the lead chapter 11 case of Pachanga, Inc. (the "<u>Main Case</u>").

4.     On April 5, 2019, the Debtors filed the Amended Joint Chapter 11 Plan of Liquidation dated April 5, 2019 (as may be modified, amended and/or supplemented, the "<u>Plan</u>") and the Amended Disclosure Statement with respect to the Plan (the "<u>Disclosure Statement</u>").

5.     On April 9, 2019, the Court entered the *Order (A) Approving Disclosure Statement, (B) Establishing Solicitation and Voting Procedures, (C) Scheduling A Confirmation Hearing, (D) Establishing Procedures for Filing Confirmation Objections, and (E) Granting Related Relief* (the "<u>Disclosure Statement Order</u>").  Pursuant to the Disclosure Statement Order, the Court approved the Disclosure Statement and scheduled a hearing (the "<u>Confirmation Hearing</u>") on confirmation of the Plan for May 16, 2019.

6.     Following the Confirmation Hearing, on May 17, 2019, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Amended Joint Chapter 11 Plan of Liquidation, as Modified* (the "<u>Confirmation Order</u>").

7.     On May 20, 2019 (the "<u>Effective Date</u>"), the Debtors' Plan became effective.  On the Effective Date, "all Assets ... and liabilities of the Debtors shall be deemed merged or treated as though they were merged into and with the Assets and liabilities of each other."  Plan § 6.1.

Likewise, each and every claim filed in any of the Chapter 11 Cases were deemed filed against the Debtors on a consolidated basis and deed a claim and obligation of the consolidated Debtors. *Id.* Since the Effective Date, the Debtors' merged assets and liabilities and the claims against the consolidated Debtors have been administered under the Main Case.

8.      On May 22, 2019, the Debtors filed a motion for a final decree closing all of the Chapter 11 Cases other than the Main Case (the "Non-Main Cases").

9.      On June 10, 2019, the Court entered final decrees in each of the Non-Main Cases closing those cases.

10.      On July 15 and July 22, 2019, Rubin LLC, as disbursing agent under the Plan, made all distributions required to be made under the Plan. The Pachanga case, therefore, has been fully administered.

## RELIEF REQUESTED

11.      By this Motion, the Debtors seek entry of a final decree, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Pachanga case. A copy of the proposed final decree closing the Main Case (the "Final Decree") is annexed hereto as Exhibit A.

12.      Contemporaneously herewith, the Debtor has filed a closing report that includes a breakdown of disbursements made on a debtor by debtor basis for each of the Debtors in each of the Chapter 11 Case.

## BASIS FOR RELIEF REQUESTED

13.      Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a

chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022.

14.     Although neither the Bankruptcy Code nor the Bankruptcy Rules define "fully administered," the Advisory Committee's Note to Bankruptcy Rule 3022 states that:

> [f]actors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee's Notes (1991).

15.     As set forth above, all Plan distributions have been made by the disbursing agent. Therefore, the Main Case has been fully administered.

16.     Based on the foregoing, the Debtor submits that entry of the Final Decree closing the Main Case is warranted and requests that a copy of the Final Decree be entered in the Main Case.

## NOTICE

17.     Notice of this Motion has been given to: (a) the Office of the United States Trustee, (b) the top 20 unsecured creditors of the Debtors on a consolidated basis, and (c) all parties that have filed notices of appearance in the Debtors' bankruptcy cases. The Debtor submits that no other or further notice of this Motion need be provided.

18.     No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter a Final Decree in the Main Case, in the form annexed hereto as <u>Exhibit A</u>, and grant such other relief as may be just and proper.

Dated: New York, New York
       July 24, 2019

                                    RUBIN LLC

                                    By:    */s/ Paul A. Rubin*
                                           Paul A. Rubin
                                           Hanh V. Huynh

                                    345 Seventh Avenue, 21st Floor
                                    New York, New York 10001
                                    Tel: 212.390.8054
                                    prubin@rubinlawllc.com
                                    hhuynh@rubinlawllc.com

**EXHIBIT B**
**(PROPOSED FINAL DECREE)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

In re:                                  :      Chapter 11

                                        :

PACHANGA, INC.,                :      Case No.:  18-12767 (MEW)

                                        :

               Debtor.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## FINAL DECREE CLOSING CASE

Upon the motion (the "Motion") of Pachanga, Inc. (the "Debtor"), seeking entry of a final decree closing the Debtor's chapter 11 case under section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022; and it appearing that proper and sufficient notice of the relief sought in the Motion has been given; and it further appearing that the requested relief is reasonable and proper; and sufficient cause appearing to me therefor and due consideration having been given; it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Debtor's chapter 11 case will be closed effective as of the date of entry of this Final Decree; and it is further

**ORDERED**, that the Debtor shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717 within ten days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters described in Section 13 of the Plan.

The Clerk of the Court is directed to file this Final Decree in the Debtor's chapter 11 case.

Dated: New York, New York
     [    ], 2019

                                                      _____
                                               UNITED STATES BANKRUPTCY JUDGE